UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff-Respondent,<br><br>v.<br><br>RICK D. ELLIOTT,<br><br>            Defendant-Movant. | Case No. 4:12-CV-00501-BLW<br><br>         4:10-CR-00122-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Before the Court is plaintiff Elliott's motion under 28 U.S.C. § 2255, his motion for default, and the Government's motion to dismiss. For the reasons explained below, the Court will deny the motion for default, grant the motion to dismiss, and order that this case be dismissed.

## BACKGROUND

On May 5, 2010, Elliott was charged in a three count indictment. Count One charged him with conspiracy to distribute cocaine and 50 grams or more of methamphetamine. Counts Two and Three charged him with possession with intent to distribute a controlled substance on November 16, 2009, and February 26, 2010, respectively. On March 25, 2011, Elliott entered a plea of guilty to Count Three of the indictment. He was sentenced on Count Three to a term of imprisonment of 57 months, to be followed by 3 years of supervised release. *See Judgment (Crim Dkt No. 60).*

Counts Two and Three were dismissed.  *Id.*

On September 28, 2012, Elliott timely filed the pending § 2255 Motion alleging violation of due process because of misconduct by the Idaho State Police laboratory and the Government's failure to disclose the misconduct.  Elliott also alleged that his counsel was ineffective because he failed to (1) prepare for trial; (2) discuss strategy and options; (3) seek a speedy trial; (4) obtain evidence; (5) negotiate amendments to the plea; (6) withdraw the plea agreement; and (7) prepare witnesses for the sentencing hearing.

On December 17, 2012, Elliott filed a motion for default judgment because the Government failed to respond to Movant's § 2255 motion within thirty days.  That same day, the Government acknowledged its failure to timely respond and moved the Court for additional time because it had been involved in several time consuming, multi-defendant cases that were recently resolved.  The Court granted the Government's motion, and the Government filed its response on December 28, 2012.  The Government also moved to dismiss Elliott's § 2255 motion on the grounds that (1) his due process claims are procedurally defaulted and (2) his ineffective assistance claims are without merit.

The Court will address first Elliott's motion to default and will then consider the Government's motion to dismiss.

## ANALYSIS

### Motion for Default

Elliott seeks default for the Government's failure to file an answer by the Court-imposed deadline of November 2, 2012.  As discussed, the Court earlier granted the Government an extension based on the assigned AUSA's involvement in several multi-

**MEMORANDUM DECISION & ORDER -**

defendant cases. The Government filed a timely response under that extension, and thus Elliott is not entitled to a default judgment.

### § 2255 – Legal Standards

Elliott alleges two grounds for his § 2255 motion: (1) violation of due process, and (2) ineffective assistance of counsel. A prompt hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quotation omitted). To withstand summary dismissal, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

### § 2255 – Due Process Claim

The Government argues that Petitioner's due process claims are procedurally defaulted. The Supreme Court stated that collateral attack through "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quotation omitted); *see also Wilcox*, 640 F.2d at 973 ("Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255"). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

Where a defendant fails to raise claims at trial or on direct review, those claims are

**MEMORANDUM DECISION & ORDER -**

procedurally defaulted unless he can demonstrate cause for and prejudice from the procedural default, or actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).  Movant here did not raise these claims at trial or on direct appeal after his sentencing, and has neither challenged the Government's assertion of procedural default, nor argued actual innocence.  Thus, Elliott's constitutional due process claims are procedurally defaulted, and are dismissed accordingly.

### S2255 – Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, a petitioner has the burden of showing (1) that counsel performed so deficiently as to fall below an objective standard of reasonableness; and (2) prejudice—that but for counsel's deficiencies, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–694 (1984). In evaluating counsel's performance, there is a strong presumption favoring a finding of effectiveness. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (citation omitted).  The question is not "what the best lawyers would have done," but whether a reasonable lawyer in counsel's circumstances would have acted similarly. *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998).  To earn the right to a hearing, a movant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *Keller*, 902 F.2d at 1395. The Ninth Circuit has said that conclusory allegations unsupported by specific statements of fact or references to the record "do not warrant habeas relief." *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 25 (9th Cir. 1994)).

Elliott has identified seven alleged shortcomings of his counsel, and the Court will

review each of them.

**<u>Failure to Obtain Evidence</u>**

Elliott argues that his second appointed counsel was ineffective for failing to obtain chain of custody reports and suppress evidence. Elliott appends to his § 2255 motion a report by the Idaho State Police investigating misconduct in the Idaho Region 5 Forensic Laboratory located in Pocatello, Idaho. Laboratory employees admitted to maintaining a box of undocumented "display drugs." The box contained a cache of unusual controlled substances that lab scientists kept to train new employees and to show students during tours. Employees kept the box after changes to laboratory accreditation regulations in 2007 should have led to its destruction.

Elliott alleges that the controlled substances in his own case may have been tampered with and his attorneys should have pursued this defense. However, the investigative report did not unearth evidence that any Laboratory employee tampered with evidence samples in individual cases, much less the evidence in Elliott's case. The alleged misconduct involved small samples of drugs used inappropriately for show-and-tell purposes. The misconduct did not involve testing of drugs, handling of drugs in current cases, or the accuracy of reports evaluating the type, purity, and/or quantity of the drug. *See Exhibit A*, Dkt. 1-1. Accordingly, defense counsel's decision not to pursue the issue and examine the chain of custody was warranted.

Furthermore, at his plea hearing, Elliott admitted possessing methamphetamine with the intent to distribute it. At sentencing, Elliott initially objected to the amounts of methamphetamine that the presentence investigator concluded Elliott possessed.

**MEMORANDUM DECISION & ORDER -**

However, two of Elliott's witnesses failed to attend the sentencing hearing. The Government proceeded to put on a witness to establish those quantities. During that direct examination, defense counsel asked for a sidebar and told the Court that Elliott had decided to withdraw his objection to the drug quantities. The Court then addressed Elliott himself and informed him that the hearing could be continued to allow him to compel the attendance of his witnesses by subpoena. Elliott declined, saying he wanted to proceed and was withdrawing his objection to the methamphetamine quantities stated in the presentence report. The Court's colloquy with Elliott established that his waiver was knowing and voluntary. Such representations by a defendant

> constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). In this light, Elliott's conclusory allegations about evidence tampering – and his counsel's failure to pursue that defense – cannot be used to establish an ineffective assistance claim.

Trial Preparation

Elliott alleges that his first appointed counsel was ineffective because he failed to contact any witnesses on Elliott's behalf, failed to file pretrial motions, and failed to prepare for trial. "Pretrial investigation and preparation are the keys to effective representation of Counsel." *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983). During the pretrial stage, the Ninth Circuit stresses the importance of "interviewing [] important witnesses and adequate investigation of potential defenses." *Id.*

**MEMORANDUM DECISION & ORDER -**

To support this claim, Elliott offers only conclusory statements that there were witnesses counsel should have contacted.  He fails to (1) identify those witnesses, (2) provide specifics of their expected testimony, or (3) allege that witnesses' testimonies would have resulted in acquittal.  He also fails to identify any issues that his counsel should have raised in pretrial motions, beyond a motion to suppress based on the Forensic Laboratory report discussed above.  Such conclusory allegations are not sufficient to warrant a hearing, and cannot be used to avoid a summary dismissal.  *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).  Moreover, there is nothing in the record or briefings to indicate that there was a defense or witness of a nature that would have changed the Government's plea offer or led to acquittal.  Elliott has failed to show prejudice resulting from counsel's actions.

**Failure to Consult**

Elliott argues that his second appointed counsel was ineffective for failing to respond to his calls or keep appointments. The Ninth Circuit has held that adequate consultation "is an essential element of competent representation of a criminal defendant." *Tucker*, 716 F.2d at 581–82.  Counsel's consultation with a defendant "should be sufficient to determine all legally relevant information known to the defendant." *Id.*

Elliott fails to identify any relevant information that counsel failed to consider or discuss with him.  Once again, conclusory allegations are subject to summary dismissal. *Shah,* 878 F.2d at 1161.

**Failure to Seek a Speedy Trial**

MEMORANDUM DECISION & ORDER -

Elliott argues that his counsel was ineffective for failing to seek a speedy trial, and that counsel's actions resulted in a violation of his speedy trial rights. That latter claim is procedurally defaulted because it could have been raised on appeal. *United States v. Garcia*, 34 F.3d 1074 (9th Cir. 1994) (denying a speedy trial claim raised for the first time in a § 2255 motion). Accordingly, the Court will focus on Elliott's claim that his counsel was ineffective for failing to seek a speedy trial.

The record reveals that further discovery was necessary in preparation for trial at the time of defense counsel's motions for continuances and alleged failure to seek a speedy trial. Defense counsel made three motions for continuances: (1) The first was needed because counsel was appointed 10 days prior to trial and lacked sufficient time to prepare for trial; (2) The second was needed in order to have time to contact potential alibi witnesses; and (3) The third was needed to have time to address an issue surrounding the search warrant. In each instance, defense counsel had a legitimate reason to seek a continuance. Most importantly, there is no evidence – or even an allegation – that the outcome of Elliott's case would have been any different if his counsel had sought a speedy trial. Therefore, Elliott has shown no deficient performance or prejudice.

**Failure to Negotiate Amendments to the Plea**

Elliott argues that his counsel was ineffective for failing to have certain amendments added to the plea agreement and for deceiving him into thinking the amendments had been added to the agreement. Elliott has not described the content of his proposed amendments, and has not alleged that his sentence would have been different if his proposed amendments had been added. Accordingly, he has not shown prejudice

**MEMORANDUM DECISION & ORDER -**

sufficient to establish an ineffective assistance of counsel claim.

Moreover, the record shows that Elliott's plea was given voluntarily and knowingly. In pleading guilty, Elliott confirmed that no promises were made to him beyond those in the plea agreement and that he had reviewed the agreement fully with his attorney. Moreover, he failed to raise any of these objections at sentencing. Indeed, as discussed above, he withdrew other objections at sentencing despite the offer of the Court to continue the proceedings to allow him additional time. Once again, conclusory allegations without any backing in the record are subject to summary dismissal.

**Failure to Withdraw Plea**

Elliott claims that his counsel was ineffective for failing to pursue the withdrawal of Elliott's guilty plea in light of the evidence of misconduct at the Forensic Laboratory. A defendant may withdraw a plea of guilty prior to sentencing, for a "fair and just reason." Fed.R.Crim.P. 11(d)(1) and (2)(B). The decision to allow withdrawal of a plea under 11(d)(2)(B) is solely within the discretion of the District Court. *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). The defendant has the burden of showing a fair and just reason for withdrawal. *Id.*

Prior to sentencing, defense counsel filed a motion to withdraw Elliott's guilty plea. At the sentencing hearing, defense counsel summarized the motion – alleging the very challenges that Elliott makes here – but then notified the Court that Elliott wanted to withdraw the motion and proceed to sentencing. The Court then addressed Elliott personally and asked him if that was his desire. Elliott responded that it was, and the record establishes that his withdrawal of that motion was knowing and voluntary. The

Court accordingly deemed the motion withdrawn and proceeded with the sentencing.

The record establishes no evidence that would have supported the withdrawal of the plea. The Forensic Laboratory issue – as discussed above – has no bearing on this case and was properly not pursued. These allegations do not support an ineffective assistance claim.

**Failure to Prepare Witnesses for Sentencing Hearing**

Finally, Elliott argues that his third appointed counsel was ineffective for failing to call any witnesses at the sentencing hearing. The Ninth Circuit has held that "failure to present mitigating evidence at a [] sentencing hearing does not always constitute ineffective assistance of counsel." *Correll v. Stewart*, 137 F.3d 1404, 1412 (9th Cir. 1998). However, counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* (quoting *Strickland*, 466 U.S. at 691).

At the sentencing hearing in this case, Elliot's counsel advised the Court that two witnesses he had asked to appear – but did not subpoena – were not in attendance. As discussed above, the Court then addressed Elliot personally, and advised him of his right to a continuance to allow him time to subpoena witnesses and compel their attendance at his sentencing. *Id.* In his response to the Court, Elliot elected to waive his right to a continuance and proceed to sentencing without his witnesses. *Id.*

Elliot himself clearly waived any right he had to subpoena those witnesses. But even if he had not waived this right, he has failed to explain how the witnesses would have helped him, or how their absence prejudiced him. For example, he has failed to

**MEMORANDUM DECISION & ORDER -**

offer any evidence that his potential witnesses would have led the Court to grant his objections to the pre-sentence report or provided additional mitigating evidence for the Court to consider. By not explaining how the result of the sentencing hearing would have differed if his witnesses had testified, Elliot cannot satisfy the requirements of a claim for ineffective assistance of counsel.

## Conclusion

Pursuant to the analysis set forth above, the Court will deny Elliott's motion for default and grant the Government's motion to dismiss. The Court finds no need for an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

**MEMORANDUM DECISION & ORDER -**

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's rulings on Elliott's claims to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

The Court will enter a separate Judgment pursuant to Rule 58(a).

DATED: **July 15, 2013**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge